Campbell. Chief Justice,
delivered the opinion of the court:
The facts are agreed upon. The plaintiff, a banking corporation located at Ortley, S. Dak., Avas the oAvner of certain coupon bonds of the United States (First, Second, and Third Liberty loans), which it sent by registered mail December 2, 1920, in a package addressed to C. F. Childs & Co., 120 Broadway, NeAv York City. This package Avas stolen en route, did not reach Childs & Co., and Avas never returned to plaintiff. In due time the Post Office Department paid to plaintiff the stipulated indemnity, $50, for the loss of the registered package. By letter dated December 24, and received by the Treasury Department on December 29, 1920, the plaintiff advised the latter of the loss of the bonds. On *626 February 1, 1921, the Treasury Department informed plaintiff by letter of that date that “ no stoppage or caveat could be filed against the payment or exchange of the bonds ” since they were in coupon form and payable to bearer, but that a memorandum of loss had been entered against the bonds, and that in case any of the bonds were presented, the department would endeavor to advise the plaintiff of the source from which they were received. The bonds were received by the Federal Reserve Bank of New York as fiscal agent of the United States for denominational exchange, in the regular course of business, and were exchanged for other bonds of the same respective issues, but of different denominations, amounting to the same total face value, and the latter were delivered to the bearers of the former. The bonds given in exchange are not in possession of the Government, but are outstanding obligations. Subsequently, the bonds received by it were canceled and retired by tire Federal reserve bank as such fiscal agent and were shipped by it to the Treasury Department, Washington, where they were received at divers dates between January 6 and February 10, 1921. In the course of the final audit by the Register of the Treasury the memoranda of loss appearing on the register, plaintiff was advised of the receipt of the bonds in the department. The plaintiff also sent a carbon copy of a letter to the Federal Reserve Bank of New York, which received the same, dated January 26, addressed to Federal Reserve Bank, fiscal agency department, which purported to notify the bank of plaintiff’s ownership of the bonds, that they had been stolen, and asking to be notified if any of the bonds or interest coupons were presented.
The bonds in question, United States coupon bonds, were negotiable paper. Vermilye v. Adams Express Co., 21 Wall 138; Cooke v. United States, 91 U. S. 389, 396. They were payable to bearer, and title to them would pass by delivery without indorsement. The plaintiff’s bonds had been stolen and were presented to the reserve bank, a fiscal agent, for exchange for bonds of like issue but of different denominations. Such presentation for exchange was not unusual. The ex *627 change was made and other obligations of the Government were delivered and are outstanding. The bonds delivered to the fiscal agent and subsequently forwarded to the Treasury Department were canceled. They were received by the fiscal agent in the regular course of business and were acquired by the Government in good faith and for value. See Hotchkiss v. National Bank, 21 Wall. 354; Murray v. Lardner, 2 Wall. 110. The statute authorizes relief in the event of the destruction or defacement of a bond (Rev. Stat. 3702, et seq.) without bad faith on the part of the owner, but this statute does not apply to stolen bonds. And further the petition does not show a contract, express or implied. It in effect seeks to hold the Government liable in trover and conversion. This it can not do in this court. We have no authority to direct a delivery of the bonds to plaintiff by the Treasury Department, even if there were no question of ownership or right of possession involved; nor have we authority to give judgment for the value as upon a conversion of them by the Government to its own use. Such an action would sound in tort, and our jurisdiction does not extend to claims for damages in cases sounding in tort. (Sec. 145, Judicial Code.) In Langford’s case, 101 U. S. 341, 345, it is said:
“ It would ill become us to fritter away the distinction between actions ex delicto and actions ex contractu, which is well understood in our system of jurisprudence, and thereby subject the Government to payment of damages for all the wrongs committed by its officers or agents, under a mistaken zeal, or actuated by less worthy motives.”
See also Jones case, 131 U. S. 1; Hill case, 149 U. S. 593, 598; Bigby case, 188 IT. S. 400, 407. In this case of Bigby it is held that a plaintiff may not waive the tort and sue the Government as upon implied contract. See also Bussell ease, 182 U. S. 516, 530. Harley case, 198 U. S. 229, 234. Juragua Iron Co. case, 212 U. S. 297, 309. The petition should be dismissed. And it is so ordered.
Hat, Judge; DowNey, Judge, and Booth, Judge, concur.